IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:10CV3087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBB JACKSON, HAYES, and | ) | |
| JOHN DOE, Big Springs, Nebraska | ) | |
| City Policeman, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 10, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 10, 2010, against Big Springs City Police Officer John Doe, Nebraska State Trooper Robb Jackson ("Jackson") and Deputy County Sheriff Hayes. (Filing No. 1 at CM/ECF p. 1.) Plaintiff sues these Defendants in both their individual and official capacities. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that on May 5, 2009, he was traveling as a passenger in a "new Lexus" from Colorado to Nebraska. (*Id*.) As the car entered Nebraska it was traveling in line with six or seven other cars at approximately "90-100" miles per hour. (*Id*.) Plaintiff and the driver of the Lexus were the only African Americans in the line of cars. (*Id*.) Defendant Jackson racially profiled the line of cars and pulled the Lexus over for speeding. (*Id*. at

CM/ECF pp. 2, 4.)  Plaintiff alleges that Defendants have a "policy" and "practice" of racially profiling minorities.  (*Id*.)

After the stop, John Doe and Hayes came to assist Jackson.  (*Id*. at CM/ECF p. 3.)  Plaintiff was handcuffed and placed in a "squad car" for twenty minutes.  (*Id*.)  Plaintiff seeks monetary damages in the amount of $1,000,000.00 for his illegal arrest and $10,000,000.00 for violations of his constitutional rights.  (*Id*. at CM/ECF p. 4.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege a violation of his Fourth and Fourteenth Amendment rights.

### A. *Official Capacity Claims Against Jackson*

Plaintiff sues Jackson, a state employee, in his official capacity for monetary damages. (Filing No. 1 at CM/ECF pp. 1, 2, 4.) However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

As discussed above, Plaintiff may not sue a state employee in their official capacity for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that the state waived or Congress overrode immunity here. Accordingly, Plaintiff's official capacity claims against Jackson must be dismissed.

B.  *Official Capacity Claims Against John Doe and Hayes*

Plaintiff also sues two public employees, Big Spring Police Officer John Doe and Deputy County Sheriff Hayes, in their official capacities for monetary damages. (Filing No. 1 at CM/ECF pp. 1, 2, 4.) However, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As municipal defendants, cities and counties may only be liable under section 1983 if an official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges that Defendants have a practice and policy of racial profiling. (Filing No. 1 at CM/ECF p. 4.) However, Plaintiff does not allege that a city or county policy making official had notice of, was deliberately indifferent to, or authorized the practice of racial profiling. Accordingly, Plaintiff's official capacity claims against Doe and Hayes are dismissed.

### C. Fourth Amendment Claim

Although all of Plaintiff's official capacity claims have been dismissed, the court liberally construes Plaintiff's Complaint to allege a Fourth Amendment Claim against Defendants in their individual capacities. It is well established that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *␣Whren v. United States*, 517 U.S. 806, 810 (1996). In determining the reasonableness of an automobile search or seizure, the Supreme Court has recognized that automobiles are inherently mobile, motorists have a lessened expectation of privacy when traveling on the public highways, and "[a]utomobiles, unlike homes, are subjected to pervasive and continuing governmental regulation and controls." *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976); *see Cardwell v. Lewis*, 417 U.S. 583, 589-91 (1974).

Here, Plaintiff alleges that he was traveling in a Lexus at "90-100" miles per hour. (Filing No. 1 at CM/ECF p. 1.) Jackson subsequently pulled the Lexus over for speeding. (*Id*. at CM/ECF p. 2.) After the stop, Plaintiff was handcuffed and placed in the back of a "squad car" for twenty minutes. (*Id*. at CM/ECF p. 3.) Plaintiff does not explain why he was handcuffed or allege any facts to suggest that his twenty-minute detainment was unreasonable. Overall, Plaintiff has not alleged sufficient facts

5

for the court to reasonably infer that the traffic stop, or his twenty-minute detainment, were unreasonable. Accordingly, Plaintiff's Fourth Amendment claims are dismissed.

### D. Fourteenth Amendment Claim

The court also liberally construes Plaintiff's Complaint to allege a Fourteenth Amendment Claim against Jackson in his individual capacity. It is well established that officers may not selectively enforce laws on account of a person's race. *Whren, 517 U.S. at 813*. The constitutional basis to challenge the selective enforcement of the laws is the Equal Protection Clause. *Id.* However, to establish an equal protection claim a plaintiff must allege both discriminatory effect and discriminatory purpose. *Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003). "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose." *Johnson,* 326 F.3d at 1000; *see also Chavez v. Ill. State Police*, 251 F.3d 612, 634-48 (7th Cir. 2001); *Gardenhire v. Schubert*, 205 F.3d 303, 319 (6th Cir. 2000).

Here, Plaintiff alleges that the Lexus he was traveling in entered Nebraska in a line with six or seven other cars at approximately "90-100" miles per hour. (Filing No. 1 at CM/ECF p. 2.) However, Plaintiff and the driver of the Lexus were the only African Americans in the line of cars. (*Id.*) Jackson racially profiled the line of cars and pulled the Lexus over for speeding. (*Id.* at CM/ECF pp. 2, 4.) Liberally construed, Plaintiff has alleged sufficient facts to show the requisite discriminatory effect and purpose to establish an equal protection claim. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claim or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Doe and Hays and Plaintiff's official capacity claims against Jackson are dismissed without prejudice.

2. Plaintiff's Fourteenth Amendment claim may proceed against Jackson in his individual capacity only.

3. To obtain service of process on Jackson, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons forms and ONE (1) USM-285 forms (for service on Jackson in his individual capacity only) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "**October 19, 2010:** Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 23rd day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.